1  Anna Y. Park, SBN 164242
   Sue Noh, SBN 192134
2  Rumduol Vuong, SBN 264392
   U.S. EQUAL EMPLOYMENT
3  OPPORTUNITY COMMISSION
   255 East Temple Street, Fourth Floor
4  Los Angeles, CA 90012
   Telephone: (213) 894-1083
5  Facsimile: (213) 894-1301
6  E-Mail: lado.legal@eeoc.gov

7  Attorneys for Plaintiff
8  U.S. EQUAL EMPLOYMENT
   OPPORTUNITY COMMISSION
9

10                  **UNITED STATES DISTRICT COURT**

11                  **EASTERN DISTRICT OF CALIFORNIA**

12

13  U.S. EQUAL EMPLOYMENT            )   Case No.:
    OPPORTUNITY COMMISSION,          )
14                                   )   **COMPLAINT—ADA**
              Plaintiff,             )   • **Disability Discrimination (Failure to**
15                                   )     **Hire/Discharge)**
                                     )   • **Denial of Reasonable Accommodation**
16         vs.                       )   • **Unlawful Qualification Standard**
                                     )
17  MAGNOLIA HEALTH CORPORATION,     )
    TWIN OAKS ASSISTED LIVING, INC., )
18  TWIN OAKS REHABILITATION AND     )
    NURSING CENTER, INC., PORTERVILLE)   **JURY TRIAL DEMAND**
19  CONVALESCENT, INC., BROWNING     )
    MANOR, INC., KAWEAH MANOR, INC., )
20  MERRITT MANOR, INC., and Does 1-10)
    Inclusive,                       )
21                                   )
22            Defendants.            )
                                     )
23

24                     **NATURE OF THE ACTION**

25        This is an action under the Americans with Disabilities Act of 1990 ("ADA"), as

26  amended by the ADA Amendment Act ("ADAAA") of 2008, to correct unlawful employment

27  practices on the basis of disability and to provide appropriate relief to Erin Barnett, Mitchell

28

                                  -1-

1  Miller, Olga Hernandez, Nicole Padilla Mercado, James Smith, Jolene Escobar, Ashley Gilmore,

2  Blaire Roper, Erika Maddox, and other individuals who were adversely affected by such

3  practices.  As set forth with greater particularity in paragraphs 25 to 32 of this Complaint,

4  Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or

5  "Commission") alleges that Defendant Magnolia Health Corporation ("Magnolia") and Twin

6  Oaks Assisted Living, Inc., Twin Oaks Rehabilitation and Nursing Center, Inc., Porterville

7  Convalescent, Inc., Browning Manor, Inc., Kaweah Manor, Inc., and Merritt Manor, Inc

8  ("Facility Defendants") unlawfully discriminated against a class of individuals due to their

9  actual, record of, or perceived disability.  Plaintiff also alleges that Magnolia and Facility

10  Defendants used qualification standards that screened out or tended to screen out individuals

11  with disabilities.

12  **JURISDICTION AND VENUE**

13  1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

14  1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA

15  and Section102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  42 U.S.C. §12117(a)

16  (incorporating Sections 706(f)(1) and (3)  of Title VII of the Civil Rights Act of 1964 ("Title

17  VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3)).

18  2.     The employment practices alleged to be unlawful were and are now being

19  committed within the jurisdiction of the United States District Court for the Eastern District of

20  California.

21  **PARTIES**

22  3.     The Commission is an agency of the United States of America, charged with the

23  administration, interpretation and enforcement of the ADA, and is expressly authorized to bring

24  this action by Section 107(a) of the ADA.

25  4.     At all relevant times, Defendant Magnolia Health Corporation has been a

26  corporation doing business in Tulare County.

27  5.     At all relevant times, Defendant Magnolia Health Corporation has continuously

28  been a corporation doing business in the State of California, and has continuously had at least

-2-

15 employees.

6.     At all relevant times, Defendant Twins Oaks Assisted Living, Inc. has been a corporation doing business in Tulare County.

7.     At all relevant times, Defendant Twins Oaks Assisted Living, Inc. has continuously been a corporation doing business in the State of California, and has continuously had at least 15 employees.

8.     At all relevant times, Defendant Twins Oaks Rehabilitation and Nursing Center, Inc. has been a corporation doing business in Tulare County.

9.     At all relevant times, Defendant Twins Oaks Rehabilitation and Nursing Center, Inc. has continuously been a corporation doing business in the State of California, and has continuously had at least 15 employees.

10.     At all relevant times, Defendant Porterville Convalescent, Inc. has been a corporation doing business in Tulare County.

11.     At all relevant times, Defendant Porterville Convalescent, Inc has continuously been a corporation doing business in the State of California, and has continuously had at least 15 employees.

12.     At all relevant times, Defendant Browning Manor, Inc. has been a corporation doing business in Kern County.

13.     At all relevant times, Defendant Browning Manor, Inc. has continuously been a corporation doing business in the State of California, and has continuously had at least 15 employees.

14.     At all relevant times, Defendant Kaweah Manor, Inc. has been a corporation doing business in Tulare County.

15.     At all relevant times, Defendant Kaweah Manor, Inc. has continuously been a corporation doing business in the State of California, and has continuously had at least 15 employees.

16.     At all relevant times, Defendant Merritt Manor, Inc. has been a corporation doing business in Tulare County.

1    17.    At all relevant times, Defendant Merritt Manor, Inc. has continuously been a
2  corporation doing business in the State of California, and has continuously had at least
3  15 employees.

4    18.    Pursuant to filings with the California Secretary of State for 2014, all Defendants
5  share the same officers, directors, and ownership.

6    19.    Magnolia Health Corporation's employees oversaw the operations of the Facility
7  Defendants, including supervising the Facility Defendant's employees, signing pay checks of the
8  Facility Defendants' employees, and maintaining the human resource functions for the Facility
9  Defendants. Magnolia Health Corporation personnel had the authority to fire, hire, and transfer
10  employees of the Facility Defendants. The same personnel policy applies to all Defendants'
11  workforces. The Chief Executive Officer of Defendant Magnolia Health Corporation is the final
12  decision-maker for hiring and firing for all Defendants.

13    20.    As stated in paragraph 18 and 19, all of the acts and failures to act allegedly
14  committed by Facility Defendants herein were duly performed by and attributable to Magnolia,
15  acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated
16  enterprise and/or or under the direction and control of the others, except as specifically alleged
17  otherwise. Facility Defendant's acts and failures to act were within the scope of such agency
18  and/or employment, and Magnolia participated in, approved and/or ratified the unlawful acts and
19  omissions by the Facility Defendants complained of herein. Whenever and wherever reference is
20  made in this Complaint to any act by a Facility Defendant, such allegations and reference shall
21  also be deemed to mean the acts and failures to act of Magnolia acting individually, jointly,
22  and/or severally.

23    21.    Plaintiff is ignorant of the true names and capacities of each Defendant sued as
24  DOES 1 through 10, inclusively, and therefore Plaintiff sues said defendant(s) by fictitious
25  names. Plaintiff reserves the right to amend the complaint to name each DOE defendant
26  individually or collectively as they become known. Plaintiff alleges that each DOE defendant
27  was in some manner responsible for the acts and omissions alleged herein and Plaintiff will
28  amend the complaint to allege such responsibility when the same shall have been ascertained by

-4-

1  Plaintiff.

2  **STATEMENT OF CLAIMS**

3      22.    More than thirty days prior to the institution of this lawsuit, Erin Barnett and

4  Mitchell Miller filed charges of discrimination with Plaintiff alleging violations of ADA by

5  Defendants.

6      23.    Prior to instituting this lawsuit, Plaintiff attempted to eliminate the unlawful

7  employment practices alleged herein and to effect voluntary compliance with the ADA through

8  informal methods of conciliation, conference, and persuasion within the meaning of Section

9  706(b) of Title VII, 42 U.S.C. Section 2000e-5(b).

10      24.    All conditions precedent to the institution of this lawsuit have been fulfilled.

11      25.    Since at least 2012, Defendants have engaged in unlawful employment practices

12  in violations of Section 102 (a) and (b) of ADA, 42 U.S.C. § 12112 (a) and (b).  Specifically,

13  Defendants unlawfully discharged Erin Barnett, Mitchell Miller, Olga Hernandez, Nichole

14  Padilla Mercado, James Smith, Jolene Escobar, Ashley Gilmore, Blaire Roper, Erika Maddox,

15  and other applicants and employees because of their actual, record of, or perceived disabilities.

16  In addition, Defendants failed to accommodate the known disabilities of Roper, Maddox, and

17  other employees.

18      26.    In May 2012, Mitchell Miller applied for and was hired as a cook with Defendant

19  Kaweah Manor, Inc.  Mr. Miller was a qualified individual as he had performed the same

20  position with another employer and performed the cook/dietary aide position with Defendants for

21  several days without issue.

22      27.    Mr. Miller was sent for a post-offer physical examination.  The post-offer

23  examination was administered by Visalia Industrial Medicine ("Visalia Industrial").  Defendant

24  Kaweah Manor allowed Mr. Miller to commence working prior to receiving the results of his

25  post-offer examination.  Based on the examination, Visalia Industrial imposed several physical

26  restrictions on Mr. Miller, including a restriction of lifting in excess of 50 pounds and repetitive

27  bending, and provided this information to Defendants.  Defendants discharged or revoked the

28  offer of employment to Mr. Miller based on Visalia Industrial's recommended restrictions.  Mr.

1   Miller told Defendants' CEO that he had no lifting limitations and offered to provide a release
2   from his physician, yet he was not permitted to return to work. Defendant took such actions
3   against Mr. Miller because it regarded him as having a disability.

4       28.    In July 2012, Erin Barnett applied for and was hired as a medical nurse/charge
5   nurse with Defendant Merritt Manor, Inc. Ms. Barnett was a qualified individual as she had
6   performed a similar position with a previous employer and had worked in the medical/charge
7   nurse position with Defendants for several days.

8       29.    Ms. Barnett was sent for a post-offer physical examination at Visalia Industrial.
9   Defendants allowed Mr. Barnett to commence working prior to receiving the results of her post-
10  offer examination. Based on the examination, Visalia Industrial imposed several physical
11  restrictions, including a restriction on lifting in excess of 25 pounds and on kneeling, squatting,
12  and repetitive bending, and forwarded this information to Defendants. Defendants discharged or
13  revoked the offer of employment to Ms. Barnett based on these restrictions. Defendants took
14  such action because of Ms. Barnett's record of a disability or because Defendants regarded her as
15  having a disability.

16      30.    Defendants engaged in similar treatment of at least five other individuals who
17  sought work as Certified Nursing Assistants ("CNAs") with Defendants.

18          a.   Olga Hernandez applied for and was offered a position at Kaweah Manor,
19             Inc. in December 2012. Hernandez had a record of sciatica. Although her
20             sciatica had cleared up by the time of her post-offer examination at Visalia
21             Industrial, Visalia Industrial imposed a 20-pound lifting restriction.

22          b.   Nicole Padilla Mercado applied for and was offered a position at Kaweah
23             Manor, Inc. in August 2012. Mercado had a record of scoliosis. Although
24             her scoliosis was successfully treated with surgery, Visalia Industrial
25             imposed a 35-pound lifting restriction.

26          c.   James Smith applied for and was offered a position at Merritt Manor, Inc.
27             Smith had a record of scoliosis. Although his scoliosis was successfully
28             treated with surgery, Visalia Industrial imposed unspecified restrictions.

1    Defendants sent Smith for examination by an orthopedic surgeon, who
2    recommended no restrictions.

3        d.  Jolene Escobar applied for and was offered a position with Defendants in
4    November 2012. Escobar had a record of carpal tunnel syndrome.
5    Although her injures had healed by the time of application for
6    employment with Defendants, Visalia Industrial imposed physical
7    restrictions.

8        e.  Ashley Gilmore applied for and was offered a position with Twin Oaks
9    Assisted Living, Inc. in June 2012. Gilmore had a record of a shoulder
10   injury. Although her injury had mostly healed by the time of her
11   application for employment with Defendants, Visalia Industrial imposed
12   physical restrictions. When Gilmore explained to Defendants' CEO that
13   she had been successfully performing the duties of the job for a week, the
14   CEO told Gilmore to take time off to fix her shoulder because he did not
15   want to "risk it."

16       f.  Hernandez, Mercado, Smith, Escobar and Gilmore were all qualified to
17   perform the CNA job into which they were hired. However, Defendants
18   discharged them or revoked their offers of employment because of their
19   record of a disability or because Defendants regarded them as having a
20   disability.

21       g.  Upon information and belief, Defendants discharged or revoked the
22   employment offers of other applicants and employees who were qualified
23   but whose post-offer physical examinations resulted in medical
24   restrictions, in violation of the ADA.

25       31.  Since at least May 2012, Defendants have maintained a policy of screening out
26   applicants and employees who are assigned medical restrictions during the post-offer physical
27   examination. This policy applied to nursing positions and other positions at Defendants'
28   facilities, and operated as a qualification standard which tended to screen out individuals with

1  disabilities who were otherwise qualified to work.

2        32.    Defendants further violated the ADA by failing to provide a reasonable
3  accommodation to and instead discharging employees who had known disabilities.

4        a.  Blaire Roper worked for Kaweah Manor, Inc. before transferring to
5        Porterville Convalescent, Inc.  Roper had ulcerative colitis, resulting in
6        inflammation and ulcers in the digestive tract. She informed Defendants
7        about her condition when she was hired as a CNA, and she required
8        treatment every six weeks. Defendants refused to excuse Roper from the
9        schedule when she was recovering from treatments. Further, Defendants
10        refused to grant Roper leave on one occasion when she was experiencing
11        an unexpected flare-up of her condition and called in sick, and instead
12        fired her in January 2012 for failing to give at least three-hours notice.
13        Roper was a qualified individual with an actual disability.

14        b.  Erika Maddox worked at Merritt Manor, Inc. from September 2011 to
15        May 2013.  Maddox developed a severe latex allergy while working as a
16        CNA for Defendants. Defendants refused her request for reassignment or
17        for the acquisition of non-latex gloves, advised her to look for another line
18        of work, and fired her in May 2013. Maddox was a qualified individual
19        with an actual disability.

20        c.  Upon information and belief, Defendants failed to accommodate and
21        instead discharged other qualified employees with disabilities.

22        33.    The effect of the practices complained of in paragraphs 25 to 32 above has been
23  to deprive Erin Barnett, Mitchell Miller, Olga Hernandez, Nicole Padilla Mercado, James Smith,
24  Jolene Escobar, Ashley Gilmore, Blaire Roper, Erika Maddox, and similarly aggrieved
25  individuals of equal employment opportunities and otherwise adversely affects their status as
26  employees because of their actual or perceived disability.

27        34.    The unlawful employment practices complained of in paragraph 25 to 32 above
28  were intentional and caused Erin Barnett, Mitchell Miller, Olga Hernandez, Nicole Padilla

-8-

1  Mercado, James Smith, Jolene Escobar, Ashley Gilmore, Blaire Roper, Erika Maddox, and
2  similarly aggrieved individuals to suffer emotional distress.

3       35.    The unlawful employment practices complained of in paragraphs 25 to 32 above
4  were and are done with malice or with reckless indifference to the federally protected rights of
5  Erin Barnett, Mitchell Miller, Olga Hernandez, Nicole Padilla Mercado, James Smith, Jolene
6  Escobar, Ashley Gilmore, Blaire Roper, Erika Maddox, and similarly aggrieved individuals.

7                              **PRAYER FOR RELIEF**

8       Wherefore, the Commission respectfully requests that this Court:

9       A.    Grant a permanent injunction enjoining Defendants, their officers, successors,
10  assigns, and all persons in active concert or participation with each of them, from engaging in
11  any employment practices which discriminate on the basis of disability.

12      B.    Order Defendants to institute and carry out policies, practices, and programs to
13  ensure that they would not engage in unlawful employment practices in violation of § 102(a)
14  and (b), 42 U.S.C. § 12112(a) and (b).

15      C.    Order Defendants to make whole Erin Barnett, Mitchell Miller, Olga Hernandez,
16  Nicole Padilla Mercado, James Smith, Jolene Escobar, Ashley Gilmore, Blaire Roper, Erika
17  Maddox, and similarly aggrieved individuals by providing appropriate back pay with
18  prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary
19  to eradicate the effects of its unlawful employment practices, including but not limited to
20  rightful place reinstatement or front pay.

21      D.    Order Defendants to make Erin Barnett, Mitchell Miller, Olga Hernandez, Nicole
22  Padilla Mercado, James Smith, Jolene Escobar, Ashley Gilmore, Blaire Roper, Erika Maddox,
23  and similarly aggrieved individuals whole by providing compensation for past and future
24  pecuniary losses, including but not limited to out-of-pocket expenses suffered by him which
25  resulted from the unlawful employment practices described above in the amounts to be
26  determined at trial.

27      E.    Order Defendants to make Erin Barnett, Mitchell Miller, Olga Hernandez, Nicole
28  Padilla Mercado, James Smith, Jolene Escobar, Ashley Gilmore, Blaire Roper, Erika Maddox,

1   and similarly aggrieved individuals whole by providing compensation for non-pecuniary losses

2   resulting from the unlawful employment practices described above in amounts to be determined

3   at trial.  The non-pecuniary losses include emotional pain, suffering, inconvenience, mental

4   anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial.

5        F.     Order Defendants to pay Erin Barnett, Mitchell Miller, Olga Hernandez, Nicole

6   Padilla Mercado, James Smith, Jolene Escobar, Ashley Gilmore, Blaire Roper, Erika Maddox,

7   and similarly aggrieved individuals punitive damages for their malicious and/or reckless

8   conduct in an amount to be determined at trial.

9        G.     Award the Commission its costs of this action.

10       H.     Grant such further relief as the Court deems necessary and proper in the public

11  interest.

12  / / /

13  / / /

14  / / /

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1

## JURY TRIAL DEMAND

2          The Commission requests a jury trial on all questions of fact raised by its Complaint.

3

4   Dated: July 28, 2015                    Respectfully Submitted

5
                                            P. DAVID LOPEZ,
6                                           General Counsel

7                                           JAMES LEE,
                                            Deputy General Counsel
8

9                                           GWENDOLYN YOUNG REAMS,
                                            Associate General Counsel
10

11                                          U.S. EQUAL EMPLOYMENT
                                            OPPORTUNITY COMMISSION
12                                          131 "M" Street, N.E.
                                            Washington, D.C.  20507
13

14                          By: _____

15                                          ANNA Y. PARK,
                                            Regional Attorney
16

17                                          SUE NOH,
                                            Supervisory Trial Attorney
18

19                                          RUMDUOL VUONG,
                                            Senior Trial Attorney
20

21                                          U.S. EQUAL EMPLOYMENT
                                            OPPORTUNITY COMMISSION
22

23

24

25

26

27

28