UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MAGNOLIA HEALTH CORPORATION et al.,<br><br>Defendants. | No. 1:15-cv-01222-DAD-EPG<br><br>ORDER REGARDING PROPOSED CONSENT DECREE<br><br>(Doc. No. 50) |

On December 5, 2016, the parties lodged with the court a copy of a proposed consent decree pursuant to their negotiated settlement of this action. (Doc. No. 50.) "A consent decree is 'essentially a settlement agreement subject to continued judicial policing.'" *United States v. Oregon*, 913 F.2d 576, 580 (9th Cir. 1990) (quoting *Williams v. Vukovich*, 720 F.2d 909, 920 (6th Cir. 1983)). Thus, before approving a consent decree, a district court must independently determine that the proposed agreement is "fundamentally fair, adequate, and reasonable. *Id.*; *see also Arizona v. City of Tucson*, 761 F.3d 1005, 1009-14 (9th Cir. 2014); *Davis v. City & Cty. of San Francisco*, 890 F.2d 1438, 1445 (9th Cir. 1989) ("[T]he district court must balance several factors, including but not limited to: strength of the plaintiffs' case; risk, expense, complexity and possible duration of continued litigation; relief offered in settlement; extent of discovery already completed; stage of proceedings; experience and views of counsel; governmental participation;

and reaction of the class members."); *Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).

  Accordingly, the parties are directed to file a noticed motion within twenty one days of the date of service of this order, in accordance with the Federal Rules of Civil Procedures and the Local Rules of this court, seeking court approval of the proposed consent decree.

IT IS SO ORDERED.

Dated: **December 9, 2016**

UNITED STATES DISTRICT JUDGE