UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>            Plaintiff,<br><br>    v.<br><br>MAGNOLIA HEALTH CORPORATION et al.,<br><br>            Defendants. | No. 1:15-cv-01222-DAD-EPG<br><br>CLARIFICATION ORDER REGARDING PROPOSED CONSENT DECREE<br><br>(Doc. Nos. 50–53) |

On December 5, 2016, the parties lodged with the court a copy of a proposed consent decree pursuant to their negotiated settlement of this action. (Doc. No. 50.) Following an order by this court directing the parties to file a noticed motion for approval of the proposed consent decree, plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") filed a request for clarification regarding both the substance and the form of such a motion for approval. (Doc. No. 52.) The court briefly addresses the EEOC's request below.

First, as the court noted in its previous order, "[a] consent decree is 'essentially a settlement agreement subject to continued judicial policing.'" *United States v. Oregon*, 913 F.2d 576, 580 (9th Cir. 1990) (quoting *Williams v. Vukovich*, 720 F.2d 909, 920 (6th Cir. 1983)). Thus, before approving a consent decree, a district court must independently determine that the proposed agreement is "fundamentally fair, adequate, and reasonable" and "conform[s] to

1

applicable laws." *Id.*; *see also Arizona v. City of Tucson*, 761 F.3d 1005, 1009–14 (9th Cir. 2014). While, as the EEOC points out, this general standard is often applied in class actions brought pursuant to Rule 23 of the Federal Rules of Civil Procedure, it is by no means exclusive to those types of suits. *See, e.g.*, *Arizona*, 761 F.3d at 1011 (state-initiated suit under the Comprehensive Environmental Response Compensation and Liability Act of 1980); *Oregon*, 913 F.2d at 580–81 (action pursuant to Fishery Conservation and Management Act of 1976, and other judicial authority); *Bragg v. Robertson*, 83 F. Supp. 2d 713, 717–18 (S.D.W. Va. 2000) (citizen suit under Surface Mining Control and Reclamation Act of 1977), *aff'd sub nom. Bragg v. W. Virginia Coal Ass'n*, 248 F.3d 275 (4th Cir. 2001). Indeed, courts have often applied this same standard in reviewing proposed consent decrees brought forth by the EEOC. *See, e.g.*, *E.E.O.C. v. Prod. Fabricators, Inc.*, 666 F.3d 1170, 1172–73 (8th Cir. 2012); *E.E.O.C. v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 888 (7th Cir. 1985) ("The same standards generally apply to district and appellate court review of Title VII settlements as apply to any class action settlement."); *E.E.O.C. v. Wildwood Indus., Inc.*, No. 08-CV-1256, 2009 WL 3614330, at *1 (C.D. Ill. Oct. 28, 2009); *E.E.O.C. v. Renhill Grp. Inc.*, No. 1:08-CV-82-TS, 2009 WL 1605159, at *6 (N.D. Ind. June 5, 2009); *E.E.O.C. v. Local 638*, No. 71 CIV. 2877 (RLC), 2003 WL 21804837, at *1 (S.D.N.Y. Aug. 6, 2003); *E.E.O.C. v. Pan Am. World Airways, Inc.*, 622 F. Supp. 633, 639–41 (N.D. Cal. 1985); *see also Bragg*, 83 F. Supp. 2d at 717–18 ("[A] district court should not blindly accept the terms of a proposed settlement . . . . Approval of a consent decree is a judicial act, committed to the informed discretion of the trial court, which must satisfy itself that the agreement 'is fair, adequate, and reasonable' and 'is not illegal, a product of collusion, or against the public interest.'" (citations omitted)).[1]

Second, as the EEOC is well aware, "[a] request for a court order must be made by motion." Fed. R. Civ. P. 7(b). Moreover, the Local Rules of this court provide the following:

---

[1] The standard of review summarized herein is not intended to be exhaustive or complete as it relates to the parties' proposed consent decree in this case. In filing a properly noticed motion, the EEOC is encouraged to conduct its own legal research and to present a basis for court approval it believes is appropriate.

> Except as otherwise provided in these Rules or as ordered or allowed by the Court, all motions shall be noticed on the motion calendar of the assigned Judge or Magistrate Judge. The moving party shall file a notice of motion, motion, accompanying briefs, affidavits, if appropriate, and copies of all documentary evidence that the moving party intends to submit in support of the motion. The matter shall be set for hearing on the motion calendar of the Judge or Magistrate Judge to whom the action has been assigned or before whom the motion is to be heard not less than twenty-eight (28) days after service and filing of the motion.

Local Rule 230(b). Where, as here, the EEOC is seeking court approval of a negotiated settlement, as well as this court's exercise of continued jurisdiction over this case, it must do so by filing a properly noticed motion in accordance with the Federal Rules of Civil Procedure and this court's Local Rules. That the EEOC has in previous instances lodged proposed consent decrees without filing a motion or presenting a basis for its request is of no import. The EEOC presents no authority suggesting that this court must consider a proposed consent decree absent a proper request and a showing that the proposed agreement is fair, adequate, reasonable, and not illegal.

For the reasons set forth above and in the court's prior order (Doc. No. 51), the parties are directed to file a noticed motion within twenty one days of the date of service of this order, in accordance with the Federal Rules of Civil Procedures and the Local Rules of this court, seeking court approval of the proposed consent decree.

IT IS SO ORDERED.

Dated: **January 9, 2017**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE