UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MAGNOLIA HEALTH CORPORATION et al.,<br><br>Defendants. | No. 1:15-cv-01222-DAD-EPG<br><br>ORDER APPROVING CONSENT DECREE<br><br>(Doc. Nos. 50-1, 55) |

  This matter is before the court on plaintiff's unopposed motion for approval of the parties' consent decree. A hearing on the motion was held on March 7, 2017. Attorneys Nakkisa Akhavan and Rumduol Vuong appeared on behalf of plaintiff U.S. Equal Employment Opportunity Commission ("EEOC"), and attorney Elizabeth Tyler appeared on behalf of the defendants.

  This action arises from alleged disability discrimination under the Americans with Disabilities Act ("ADA"). After investigating charges of discrimination and pursuant to its statutory authority, the EEOC commenced this action on August 5, 2015. (Doc. No. 1.) Specifically, the EEOC alleged that defendants failed to hire or discharged individuals who had actual, perceived, or record of disabilities; and denied reasonable accommodations for individuals with disabilities and subjected individuals to an unlawful qualification standard. The EEOC

sought both monetary and injunctive relief.  (*Id.*)  After a series of settlement conferences before United States Magistrate Judge Erica P. Grosjean, the parties reached a settlement on monetary and injunctive terms.  The EEOC now seeks approval of a proposed consent decree (*see* Doc. No. 50-1) reflecting the parties' agreement.

"A consent decree is 'essentially a settlement agreement subject to continued judicial policing.'"  *United States v. Oregon*, 913 F.2d 576, 580 (9th Cir. 1990) (quoting *Williams v. Vukovich*, 720 F.2d 909, 920 (6th Cir. 1983)).  Thus, before approving a consent decree, a district court must independently determine that the proposed agreement is "fundamentally fair, adequate, and reasonable" and "conform[s] to applicable laws."  *Id.*; *see also Arizona v. City of Tucson*, 761 F.3d 1005, 1010–14 (9th Cir. 2014).  "[T]he district court must balance several factors, including but not limited to: strength of the plaintiffs' case; risk, expense, complexity and possible duration of continued litigation; relief offered in settlement; extent of discovery already completed; stage of proceedings; experience and views of counsel; governmental participation; and reaction of the class members."  *Davis v. City & County of San Francisco*, 890 F.2d 1438, 1445 (9th Cir. 1989) (citing *Officers for Justice v. Civil Serv. Comm'n of City & County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982)).  Where a government agency is involved in the negotiation of the proposed consent decree, there is a presumption in favor of the decree's enforceability, and courts should pay deference to the agency's judgment.  *See S.E.C. v. Randolph*, 736 F.2d 525, 529 (9th Cir. 1984).

Here, the proposed consent decree provides monetary relief to claimants in a total sum of $325,000.00, to be allocated at the sole discretion of the EEOC.  (Doc. No. 50-1 § VII.A.)  The proposed consent decree also provides procedures for reinstatement of eligible and qualified claimants, as well as other victim-specific relief.  (*Id.* § VII.B–C.)  Moreover, the proposed consent decree sets forth a number of forward-looking injunctive measures.  (*See, e.g.*, *id.* § VIII (general injunctive relief).)  For example, the parties agree that defendants will (1) retain a third-party equal employment opportunity monitor to ensure compliance with the decree and the ADA; (2) assign an internal ADA coordinator to review and process requests for accommodation, changes in the terms and conditions of employment, and complaints regarding disability

1 discrimination and retaliation; (3) review and, if necessary, revise defendants' policies and
2 procedures regarding disability discrimination, reasonable accommodation, and retaliation; and
3 (4) provide training on employer obligations and employee rights under the ADA.  (*See, e.g.*, *id.*
4 § IX (specific injunctive relief).)
5    In light of the claims and defenses in this action, the court concludes that the proposed
6 consent decree provides substantial relief among claimants and defendants' employees, and that it
7 is the product of a fair arms-length negotiation process.  Accordingly, the court finds that the
8 proposed consent decree is fundamentally fair, reasonable, and adequate, and that it is not illegal,
9 a product of collusion, or against the public interest.
10    For the reasons stated above,
11    1. Plaintiff's motion for approval of the parties' proposed consent decree (Doc. No. 55)
12       is granted;
13    2. The parties' proposed consent decree (Doc. No. 50-1) is approved;
14    3. The court retains continuing jurisdiction over the consent decree in this action for the
15       duration of the decree (*see* Doc. No. 50-1 § IV.B); and
16    4. The Clerk of the Court is directed to close this case.
17 IT IS SO ORDERED.
18    Dated:   **March 7, 2017**                                    _____
19                                                                    UNITED STATES DISTRICT JUDGE